**XING JIE GUAN, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

Nos. 04–6342–ag(L), 05–1181–ag(Con).

United States Court of Appeals, Second Circuit.

May 25, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Thomas A. Marino, United States Attorney, Middle District of Pennsylvania, Michael J. Butler, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of these consolidated petitions for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Xing Jie Guan, a native and citizen of the People's Republic of China, petitions for review of the BIA decision affirming the decision of Immigration Judge Paul Defonzo ("the IJ") denying her applications for asylum and withholding of deportation, as well as the BIA's denial of her motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 156–58 (2d Cir.2006); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Questions of law and the application of law to undisputed fact are reviewed de novo. See, e.g., Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

The IJ determined that Guan had testified credibly about suffering religious persecution and undergoing a forced abortion of her second pregnancy, but denied her claims for asylum and withholding of deportation because she found that Guan did not meet her burden of proof in establishing that she did not engage or assist in the persecution of others. The Immigration and Nationality Act ("INA") excludes from eligibility for asylum and withholding of removal any alien who "ordered, incited, assisted, or otherwise participated in the persecution of any person on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42) (asylum); 8 U.S.C. § 1158(b)(2)(A)(i) (asylum); see also 8 U.S.C. § 1231(b)(3)(B)(i) (withholding of removal). The petitioner bears the

78

burden of proving that he or she meets the requirements of refugee status under 8 U.S.C. § 1101(a)(42). "If the evidence indicates that [the asylum applicant was a persecutor], he or she shall have the burden of proving by a preponderance of the evidence that he or she did not so act." 8 C.F.R. § 1208.13(c)(2)(ii).

In *Zhang Jian Xie v. INS*, 434 F.3d 136, 143 (2d Cir.2006), we stated that "[w]here the conduct was active and had direct consequences for the victims"—as opposed to conduct that "was tangential to the acts of oppression and passive in nature"—such conduct qualifies as "assist[ance] in persecution" under § 1101(a)(42). Applying that standard, we found that Xie's actions of transporting captive women to hospitals where they would undergo forced abortion contributed directly to the persecution of others. *Id.* Like *Xie*, Guan's conduct was active and had direct consequences for victims of persecution, inasmuch as she actively prepared women for forced abortion procedures and directly assisted after the procedures were complete. Because Guan's actions, even if relatively minor, aided in the process of enforcement of China's coercive family planning policy, the IJ did not err in concluding that Guan's actions placed her within the purview of the statutory bar.

The BIA denied Guan's motion to reopen on the grounds that (1) international law was not controlling in Guan's case, (2) Guan had failed to present any new material evidence that would change the outcome of her case, and (3) Guan had failed to establish *prima facie* eligibility for relief under the United Nations Convention Against Torture ("CAT"). Based on our assessment of the parties's submissions, the applicable law, and the record on appeal, we conclude that the BIA did not err, much less abuse its discretion, in denying

Guan's motion to reopen. *See Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DENIED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).